IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-19-BO

| | |
|---|---|
| WILLIAM ANTHONY DOMINIQUE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> *Acting Commissioner of Social Security*, ) <br> ) <br> Defendant. ) | O R D E R |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on February 28, 2014, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further consideration.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for DIB and SSI on August 18, 2009, alleging disability since February 15, 2008. Plaintiff's claim was denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, an Administrative Law Judge (ALJ) found that plaintiff was not disabled in a decision issued on July 1, 2011. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review, and plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and he had not engaged in any substantial gainful activity since his alleged onset date at step one, the ALJ determined that plaintiff's congestive heart failure was a severe impairment at step two. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing

at step three, and found that plaintiff had a residual functional capacity (RFC) to perform sedentary work with a sit/stand option, occasional postural movements, no climbing or balancing, and avoiding temperature extremes and hazards. At step four, the ALJ found that plaintiff was unable to perform his past relevant work, but found at step five that, after considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

Plaintiff first contends that the ALJ erred in not finding his diagnosed morbid obesity a severe impairment at step two. "A determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s), . . . and an informed judgment about the limitations and restrictions the impairment(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." SSR 96-3p. Obesity is considered to be a severe impairment when, alone or in combination with other impairments, it significantly limits an individual's physical or mental ability to do basic work activities. SSR 02-1p.

The ALJ found that plaintiff's diagnosis of morbid obesity was only a slight abnormality as it had no more than minimal effect on plaintiff's ability to perform basic work-related activities. Specifically, the ALJ relied on a lack of evidence of significant sleep apnea, fatigue, or uncontrolled hypertension in the record. However, in making his finding that plaintiff's obesity was non-severe, the ALJ did not address all of the relevant medical evidence that would suggest that plaintiff's obesity caused more than minimal limitations. In May 2009, before plaintiff's application date but after his alleged onset date, a medical consultant physician found that plaintiff's shortness of breath could be contributed to his morbid obesity, which was also found to be plaintiff's only substantial

3

limitation at the time. Tr. 282. Additionally, after the hearing, plaintiff's treating cardiologist opined that plaintiff's obesity substantially contributed to his limitation of function. Tr. 724. Because this relevant evidence was not addressed by the ALJ at step two, the Court cannot conduct a meaningful review of the ALJ's decision and a remand for further consideration and explanation is appropriate.

Though the Commissioner contends that such error at step two is harmless so long as a severe impairment was found and the ALJ proceeded through to the next steps of the sequential evaluation, the error was not harmless as the omitted impairment was not expressly considered at subsequent steps. *Winston v. Astrue*, No. 4:11-CV-107-D, 2012 WL 4086448 *4 (E.D.N.C. Sept. 17, 2012). The ALJ failed to specifically discuss the impact of plaintiff's obesity when making his RFC determination, which requires consideration of both severe and non-severe impairments. SSR 96-8p; *see also* SSR 02-1p (requiring obesity to be considered at every step of the sequential evaluation after step one). Indeed, non-severe impairments "may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim." *Id.* Though the ALJ noted where weight loss was recommended in the record and that some of plaintiff's breathing difficulties improved when he lost some weight, plaintiff remained obese as of the date of the ALJ's decision and it was improper not to discuss specifically how his obesity might or might not limit plaintiff in his RFC or whether plaintiff's obesity might affect his ability to sustain function over time. SSR 02-1p. Additionally, plaintiff's congestive heart failure is a severe impairment that would most certainly be aggravated by obesity, and remand is appropriate so that the ALJ might specifically consider the effect of plaintiff's morbid obesity on plaintiff's limitations imposed by his

congestive heart failure.[1]

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 27] is GRANTED and defendant's motion for judgment on the pleadings [DE 32] is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this ___6___ day of March, 2014.

                                                                            *Terrence W. Boyle*
                                                         TERRENCE W. BOYLE
                                                         UNITED STATES DISTRICT JUDGE

---

[1] Because the Court finds remand is appropriate it declines to consider the remainder of plaintiff's arguments.